UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

      v.                                                    Crim. No. 2:12-cr-147-wks

Ramell Holder

**REPORT AND RECOMMENDATION**
(Doc. 183)

      Defendant Ramell Holder was convicted following his plea of guilty to one count of conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and one count of money laundering, in violation of 18 U.S.C. § 1957(a). On December 16, 2013, he was sentenced to a 168-month term of imprisonment, to be followed by a four-year term of supervised release. (Doc. 129.) Holder thereafter pursued a direct appeal, and the Court of Appeals affirmed the conviction and sentence in a Summary Order. (Docs. 150, 179.)

      On March 27, 2015, Holder filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence, claiming ineffective assistance of counsel. (Doc. 154.) The district court denied the Motion, and denied Holder a certificate of appealability. (Docs. 168, 171.) Holder appealed, and the Court of Appeals issued an Order stating that the appeal would be dismissed effective April 20, 2016 "unless by that date [Holder] has filed a motion for a certificate of appealability." (Doc. 174.) There is no record of such a motion being filed by that date, and thus it

appears the appeal was dismissed. On December 7, 2017, the Court of Appeals issued a mandate affirming the judgment of the district court denying Holder's direct appeal. (Doc. 179.)

Holder has now filed a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence, regarding the same conviction and sentence at issue in his prior § 2255 Motion, and again raising a claim of ineffective assistance of counsel. (Doc. 183; *compare with* Doc. 154.) Under 28 U.S.C. § 2255(h), "[a] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Moreover, 28 U.S.C. § 2244(b)(3)(A) provides that, "[b]efore a second or successive [§ 2255] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Applying these statutes, the Second Circuit requires that, where a district court is presented with a second or successive § 2255 motion, it must transfer that motion to the Court of Appeals. *See Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003) ("The district court has no power to entertain a second or successive § 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court."); *Liriano v. U.S.*, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam) ("[W]hen a second or successive . . . § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the . . . motion to [the United States Court of Appeals] in the interest of justice pursuant to [28 U.S.C.] § 1631.").

Therefore, I recommend that the pending § 2255 Motion (Doc. 183) be transferred to the Second Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h).

Dated at Burlington, in the District of Vermont, this 25th day of February 2019.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).